## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

RONALD BECKER,

    Plaintiff,

v.

              CIVIL ACTION NO. 25-cv-348

TRADITIONS LLC d/b/a SOLENERGY and
SOLAR MOSAIC, LLC,

    Defendants.

### DEFENDANT SOLAR MOSAIC LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Solar Mosaic LLC ("Mosaic") hereby removes to this Court the action commenced by Plaintiff Ronald Becker ("Plaintiff") pending in the Circuit Court of Bayfield County, Wisconsin, as Case Code No. 30303, with full reservation of any and all rights, defenses, and objections.  As grounds for removal, Mosaic states as follows:

### PROCEDURAL HISTORY

1.  Plaintiff filed suit against Mosaic and Traditions LLC d/b/a SolEnergy in the Circuit Court of Bayfield County, Wisconsin, on March 20, 2025.

2.  Mosaic received service of process on April 2, 2025.  This Notice of Removal is filed within 30 days of service of process.

### BASIS FOR REMOVAL

3.  A civil action initially filed in a state court is removable if the action is one which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).

4.  District courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.

5.      If the district court has original jurisdiction, it has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." *Id.*

6.      This action is removable because Plaintiff's suit involves a federal question. 28 U.S.C. § 1331. Specifically, Plaintiff brings a claim against Mosaic pursuant to the Federal Truth in Lending Act. Compl. ¶¶ 59 – 64. The Court has supplemental jurisdiction over Plaintiff's remaining claims because they are so related to the Truth in Lending Act claim such that they form part of the same case or controversy under Article III of the U.S. Constitution. 28 U.S.C. § 1367(a).

7.      Defendant Traditions LLC d/b/a SolEnergy consents to the removal of this case to federal court. 28 U.S.C. § 1446(b)(2)(A).

8.      Additionally, this Court is appropriate for purposes of removal because this district and division embrace the place in which the removed action is pending. 28 U.S.C. § 1441(a).

## I.      Plaintiff's Lawsuit Raises a Federal Question

9.      Plaintiff brings a claim against Mosaic pursuant to the Federal Truth in Lending Act, alleging Mosaic violated 15 U.S.C. §§ 1601, *et al.* Compl. ¶¶ 59 – 64. Accordingly, 28 U.S.C. § 1331 is satisfied. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004) ("It is clear that the federal truth-in-lending claim falls within the federal-question jurisdiction of the court.").

## II.     The Court has Supplemental Jurisdiction Over Plaintiff's Remaining Claims

10.     When a court has original jurisdiction over a claim, the Court may exercise supplemental jurisdiction over claims that are so related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy and derive from a

common nucleus of operative fact. *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 522 (7th Cir. 2003) (concluding that the district court had federal question jurisdiction over the TILA claim and discretionary authority to exercise supplemental jurisdiction over other claims arising from the same controversy).

11.     The Court may exercise supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the Truth in Lending Act claim such that they form part of the same case or controversy and derive from a common nucleus of operative fact. All of these claims derive from Plaintiff's purchase and financing of a home solar system and certain alleged misrepresentations made to him during that process regarding the general quality and production of the solar system and the financing terms of the system. *See* Compl. ¶¶ 7 – 27. Thus, Plaintiffs' Truth in Lending Act claim and state-law claims are so related as to form the same case and controversy and would involve overlapping witnesses and evidence.

<u>**OTHER REQUIREMENTS**</u>

**I.      Timeliness of Notice of Removal**

12.     Mosaic received service of process on April 2, 2025. This Notice of Removal is filed within 30 days of April 2, 2025. Therefore, this notice of removal was timely filed pursuant to 28 U.S.C. § 1446.

**II.     Compliance with 28 U.S.C. § 1446**

13.     Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, orders and other filings received by Mosaic in this action are attached to this Notice as <u>**Exhibit 1**</u>.

14.     Pursuant to 28 U.S.C. § 1446(d), a copy of the written notice addressed to Plaintiff and the Circuit Court of Bayfield County, Wisconsin, is attached as <u>**Exhibit 2**</u>.

**III.    Jury Demand**

15.     Plaintiff demanded a jury trial in the state-court suit.

## <u>CONCLUSION</u>

Having fulfilled all statutory requirements, Defendant Solar Mosaic LLC respectfully removes this action that was commenced in the Circuit Court of Bayfield County, Wisconsin, to this Court, and respectfully requests that this Court assume full jurisdiction over the matter as provided by law and permit this action to proceed before it.

Dated:  May 2, 2025

Respectfully submitted,

By:  */s/  Shawn D. Fabian*

Shawn D. Fabian (WI Member ID: 1125462)
SFabian@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
321 N. Clark Street, 32nd Floor
Chicago, Illinois 60654
Telephone:  (312) 499-6300
Facsimile:  (312) 499-6301

ATTORNEY FOR DEFENDANT SOLAR MOSAIC LLC

## CERTIFICATE OF SERVICE

I hereby certify that, on May 2, 2025, a true and correct copy of the foregoing document was served on the following counsel of record by the Court's electronic filing system:

> Max T. Lindsey (WI Member ID: 1112865)
> Anich, Wickman & Lindsey S.C.
> 220 Sixth Avenue West
> Ashland, Wisconsin 54806
> Telephone: (715) 682-9114
> mlindsey@ashlandlawyers.com
> *Attorney for Plaintiff*

> */s/ Shawn D. Fabian*
> Shawn D. Fabian